| | | | |
|---|---|---|---|
| Case No. | LA CV17-07830 JAK | Date | February 15, 2019 |
| Title | Menco Pacific, Inc., v. International Fidelity Insurance Company (U.S. Bankruptcy Case: In re Menco Pacific, Inc., 1:16-bk-12791-MT) | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE APPEAL FROM BANKRUPTCY COURT (DKT. 1)** JS-6

## I. Introduction

In this appeal, Menco Pacific, Inc. ("Debtor") seeks review of the decision by the Bankruptcy Court denying, in part, its request for an award of attorney's fees. That request was made with respect to the fees that it incurred in opposing a Motion for Relief from Automatic Stay ("MRAS") brought by International Fidelity Insurance Company ("IFIC"). Appellant's Opening Brief ("AOB"), Dkt. 6 at 10. The decision to deny Debtor's request for an award of attorney's fees was based on *In Re Johnson*, 756 F.2d 738 (9th Cir. 1985), which held that a MRAS is not an "action on a contract" within the meaning of Cal. Civ. Code § 1717. *Id.* at 6. Debtor contends that the Bankruptcy Court erred by relying on *Johnson*, because its reasoning has been abrogated, and that other cases have held that a MRAS can constitute an "action on a contract". *Id.* 6-9. IFIC disagrees with these positions.

For the reasons stated in this Order, the order of the Bankruptcy Court is **AFFIRMED**.

## II. Factual and Procedural Background

On September 26, 2016 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition for bankruptcy pursuant to 11 U.S.C. § 301. Appellant's Appendix of Evidence ("AAOE") No. 1, Dkt. 7-1 at 1-21. On October 12, 2017, the Bankruptcy Court entered an order confirming the Debtor's Chapter 11 Plan of Reorganization. AAOE No. 29, Dkt. 7-7 at 62-67.

Prior to the Petition Date, the Debtor entered an indemnity agreement (the "Indemnity Agreement") with IFIC, which acted as a surety. The Indemnity Agreement includes the following provision:

> The Surety may make such demand for funds at any time without regard to whether it has sustained any loss or received any claim. The amount of such demand, including reasonable attorney fees and expenses is at the sole discretion of the Surety. . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-07830 JAK | Date | February 15, 2019 |
| Title | Menco Pacific, Inc., v. International Fidelity Insurance Company<br>(U.S. Bankruptcy Case: In re Menco Pacific, Inc., 1:16-bk-12791-MT) | | |

> Failure to make immediate payment to Surety as herein provided shall cause the Contractor and Indemnitors to be additionally liable for any and all reasonable costs and expenses, including attorney's fees, incurred by the Surety in enforcing this provision.

AAOE No. 18, Dkt. 7-5 at 58.

During the Debtor's Chapter 11 proceedings, IFIC filed a MRAS. The Bankruptcy Court denied the motion. AAOE No. 16, Dkt. 7-4 at 20-21. The Debtor claimed to have incurred $25,287.50 in attorney's fees in opposing the MRAS. AAOE No. 17, Dkt. 7-4 at 28.

On August 16, 2017, the Debtor filed a Motion for Order Awarding Attorneys' Fees, through which it sought to recover those fees from IFIC. AAOE No. 17, Dkt. 7-4 at 23-32. Following a September 6, 2017 hearing, the Bankruptcy Court denied the motion. *See* AAOE No. 23, Dkt. 7-6 at 21-28 (adopting tentative ruling); AAOE No. 28, Dkt. 7-7 at 59-60 (further ruling incorporating tentative ruling and denying motion). The corresponding order stated:

> A motion for relief from stay is generally not an "action on a contract" within the meaning of § 1717(a) because the enforceability of the contract is not an issue, rather the bankruptcy court acts only to resolve the question of federal bankruptcy law and there is no basis in this case to award attorney's fees under federal law. *See In Re Johnson*, 756 F.2d 738, 739-740 (9th Cir. 1985) (holding that creditors' unsuccessful motion for relief from stay under 11 U.S.C. § 362(d)(1) to foreclosure upon their deed of trust is not an 'action on a contract' governed by state law because stay litigation is limited to bankruptcy issues of lack of adequate protection, equity, and necessity of the property to an effective reorganization).

AAOE No. 23, Dkt. 7-6 at 24.

As noted, the Debtor contends that this analysis is incorrect. It argues that the MRAS was an "action on a contract" under Cal. Civ. Code § 1717. AOB, Dkt. 6 at 6-10.

### III.    Analysis

####     A.    **Legal Standards**

#####         1.    Review of a Bankruptcy Order

In an appeal from an order by a bankruptcy court, conclusions of law are reviewed de novo and findings of fact are reviewed for clear error. *Blausey v. United States Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009) (citing *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005)). A bankruptcy court's determination of attorneys' fees will not be disturbed "unless the bankruptcy court abused its discretion or erroneously applied the law." *In re Strand*, 375 F.3d 854, 857 (9th Cir.2004).

The clear error standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *United States v. Bourseau*, 531 F.3d 1159,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-07830 JAK | Date | February 15, 2019 |
| Title | Menco Pacific, Inc., v. International Fidelity Insurance Company<br>(U.S. Bankruptcy Case: In re Menco Pacific, Inc., 1:16-bk-12791-MT) | | |

1164 (9th Cir. 2008) (internal quotation marks omitted). A district court may affirm on any ground supported by the record. *Thrifty Oil Co. v. Bank of Am., Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003); *In re DeMasi*, 227 B.R. 586, 587 (D.R.I. 1998) ("[T]his Court is not bound to remain within the confines of the Bankruptcy Court's reasoning for its decision, but is free to affirm the decision below on any ground supported by the record.").

### 2. California Civil Code § 1717

"Under the American Rule, the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the loser[;] [t]his default rule can, of course, be overcome by statute." *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007). State law governs the interpretation and application of a provision in a contract that permits an award of attorney's fees. *Resolution Trust Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 800 (9th Cir. 1993). Under California law, unless an award of attorney's fees is expressly permitted by statute, "the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021.

Section 1717 of the California Civil Code provides:

> In any *action on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717 (emphasis added).

"When parties contractually allocate attorneys' fees, California Civil Code § 1717 ensures that such attorneys' fees provisions apply reciprocally such that if a party to an action would be entitled to fees under the contract's attorneys' fees provision if successful, the adverse party must also be eligible for fees if it prevails." *Pac. Fuel Co., LLC v. Shell Oil Co.*, 416 F. App'x 607, 609 (9th Cir. 2011) (citing *T.E.D. Bearing Co. v. Walter E. Heller & Co.,* 38 Cal.App.3d 59 (1974)).

### B. Application

#### 1. The Positions of the Parties

The Debtor argues that the Bankruptcy Court erred as a matter of law in determining that the MRAS was not an "action on a contract" to which Cal. Civ. Code § 1717 applies. As noted, in support of this position, the Debtor argues that the Bankruptcy Court should not have relied on *Johnson* in determining what constituted an "action on a contract" because other decisions have limited its scope. The Debtor also contends that a fee award is appropriate because it would reinforce and advance an important bankruptcy process where a MRAS is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-07830 JAK | Date | February 15, 2019 |
|---|---|---|---|
| Title | Menco Pacific, Inc., v. International Fidelity Insurance Company<br>(U.S. Bankruptcy Case: In re Menco Pacific, Inc., 1:16-bk-12791-MT) | | |

IFIC responds that attorney's fees can be awarded under Cal. Civ. Code § 1717 only when they arise from an "action on a contract" and that a MRAS is not within this definition. It also contends that the MRAS here was not an action seeking to exercise rights as to the security or to collect from the debtor. IFIC next contends that the Bankruptcy Court correctly applied *Johnson*, which remains controlling authority.

> 2. The *Johnson* Decision

The facts of *Johnson* are similar to those presented here. There, Dr. and Mrs. Johnson, who were debtors, initiated a voluntary Chapter 11 bankruptcy proceeding. *Johnson*, 756 F.2d at 739. The Johnsons had entered a pre-petition contract with one of their creditors. *Id.* That contract provided that attorney's fees could be awarded to the creditor as the prevailing party in a dispute that arose from the agreement. *Id.* at 739-40. The creditor brought a motion for relief from the automatic stay, which was denied. *Id.* at 739. The debtors then sought an award of the attorney's fees they incurred in opposing the motion. *Id.* The request was based on the application of Cal. Civ. Code § 1717 to the attorney's fees provision in the pre-petition contract. *Id.*

The Bankruptcy Court granted the request, but the District Court reversed. *Id.* The Ninth Circuit affirmed the decision of the District Court, concluding that, because a motion for relief from the automatic stay is not an "action on a contract," Section 1717 did not apply. *Id.* at 740. Although the creditor was seeking relief from the automatic stay in an effort to enforce an underlying contract, "both case law and the nature of stay relief proceedings support the conclusion that stay relief proceedings are not actions 'on a contract' to which California law should be applied." *Id.*

*Johnson* explained that a motion for relief from the automatic stay presents questions of bankruptcy law that are applied, in part, based on a debtor's ability to adhere to its Chapter 11 plan. Therefore, the issues that arise from such a motion are not ones that concern whether the underlying contract is enforceable. As *Johnson* stated:

> Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. . . . The validity of the claim or contract underlying the claim is not litigated during the hearing. The action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert a counterclaim. Thus, the state law governing contractual relationships is not considered in stay litigation.

*Id.* (internal citations omitted).

The analysis also stated that proof of claim litigation in a bankruptcy proceeding could constitute an action "on a contract." *Id.* at 741. Thus, although proof of claim litigation is also brought under a federal statute in the bankruptcy proceedings, it addresses issues as to the validity and enforceability of the underlying contract, including under applicable state law. Therefore, it is appropriate to apply Section 1717 to such litigation. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-07830 JAK | Date | February 15, 2019 |
|---|---|---|---|
| Title | Menco Pacific, Inc., v. International Fidelity Insurance Company<br>(U.S. Bankruptcy Case: In re Menco Pacific, Inc., 1:16-bk-12791-MT) | | |

### 3. The *Travelers* and *Penrod* Decisions

*Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443 (2007), held that a request for an award of attorney's fees based on a contract is not precluded simply because the fees were incurred in connection with bankruptcy litigation. 549 U.S. at 453-54. *Travelers* expressly abrogated *In re Fobian,* 951 F.2d 1149 (9th Cir. 1991), and *In re DeRoche*, 434 F.3d 1188 (9th Cir. 2006), and distinguished *Johnson* whose holding was based on state law. *Id*. at 452.

In *Travelers*, a creditor sought to recover the attorney's fees it incurred in negotiations and litigation with respect to whether language in the debtor's Chapter 11 reorganization plan protected certain rights claimed by the creditor. The bankruptcy court denied the request. Both the district court and the Ninth Circuit affirmed. Each decision was based on the *Fobian* rule*, i.e.,* that "attorney fees are not recoverable in bankruptcy for litigating issues 'peculiar to bankruptcy law.'" 549 U.S. at 451 (quoting *Fobian,* 951 F.2d at 1153). The Supreme Court disagreed:

> In rejecting Travelers' claim for contractual attorney's fees, the Court of Appeals did not conclude that the claim was "unenforceable" under § 502(b)(1) as a matter of applicable nonbankruptcy law. Nor did it conclude that Travelers' claim was rendered unenforceable by any provision of the Bankruptcy Code. To the contrary, the court acknowledged that, in at least some circumstances, a "prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law."
>
> The court nevertheless rejected Travelers' claim based solely on a rule of that court's own creation—the so-called *Fobian* rule—which dictates that "attorney fees are not recoverable in bankruptcy for litigating issues peculiar to federal bankruptcy law." The court explained that, because the fees claimed by Travelers were incurred litigating issues that were "governed entirely by federal bankruptcy law," Travelers' claim necessarily failed.
>
> The *Fobian* rule finds no support in the Bankruptcy Code, either in § 502 or elsewhere. In *Fobian,* the court did not identify any provision of the Bankruptcy Code as providing support for the new rule. Instead, the court cited three of its own prior decisions, *In re Johnson, In re Coast Trading Co.,* and *In re Fulwiler*. Significantly, in none of those cases did the court identify any basis for disallowing a contractual claim for attorney's fees incurred litigating issues of federal bankruptcy law. Nor did the court have occasion to do so; in each of those cases, the claim for attorney's fees failed as a matter of state law.

*Id*. at 451–52 (internal citations omitted).

The Supreme Court stated expressly that the denial of the request for an award of attorney's fees in *Johnson* was based on state law*, i.e.* because the motion for relief from the automatic stay was not an "action on a contract" within meaning of Cal. Civ. Code § 1717.

Since *Travelers*, the Ninth Circuit has continued to apply *Johnson*, citing it as an example of a proceeding that is not an "action on a contract" under § 1717. *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-07830 JAK | Date | February 15, 2019 |
|---|---|---|---|
| Title | Menco Pacific, Inc., v. International Fidelity Insurance Company <br> (U.S. Bankruptcy Case: In re Menco Pacific, Inc., 1:16-bk-12791-MT) | | |

1216 (9th Cir. 2009). In *Barrientos*, low-income tenants sought a permanent injunction and declaratory judgment based on the claim that their landlord violated federal housing law and the Los Angeles Rent Stabilization Ordinance. *Id.* at 1206. They claimed that this violation occurred when the landlord attempted to evict the tenants in order to lease their apartments at higher rental rates and to withdraw from the Section 8 housing program. *Id*. After succeeding on the merits, the tenants sought an award of attorney's fees pursuant to Cal. Civ. Code § 1717, and a term as to attorney's fees in their leases. *Id*. The landlord claimed that, because the tenants were asserting claims under federal law, the proceeding was not an "action on a contract." *Id*. at 1216. The Ninth Circuit held that the action was "on a contract" because, unlike *Johnson* where the underlying validity of the contract was not being litigated, the tenants were suing under federal housing laws to enforce their rights as tenants under the lease. *Id*. As *Barrientos* explained:

> Tenants' lease contracts are not collateral to the litigation because they incorporate and define the rights and obligations of Tenants and [landlord], the applicability of relevant federal and state law, and the role of federal and state actors. Thus, Tenants' action for a declaratory judgment regarding their right to remain in their apartments is properly considered an action "on a contract." As the district court noted, Tenants' "complaint was one to enforce their rights as tenants under the lease."

*Id*.

Although *Barrientos* did not arise from a bankruptcy proceeding, it presents persuasive authority in this action. Here, the MRAS proceeding did not place the enforceability of the contract in issue. Instead, the Bankruptcy Court acted only to resolve questions as to the scope and effect of federal bankruptcy law. However, in *Barrientos*, the tenants' request for a declaratory judgment upholding their rights under their leases placed the enforceability of those leases directly at issue. This made the action one that was "on a contract" as required by § 1717.

No different outcome is warranted by *In re Penrod,* 802 F.3d 1084 (9th Cir. 2015). There, the debtor Penrod filed a Chapter 13 bankruptcy plan in which she bifurcated a $26,000 auto loan into a $16,000 secured claim and a $10,000 unsecured claim. Pursuant to 11 U.S.C. §1325(a)(5)(B)(i), the secured claim would be repaid in full over the life of the plan. Pursuant to 11 U.S.C. §1325(b), the unsecured claim would only need to be repaid if Ms. Penrod had "disposable income" sufficient to pay it. *Id*. at 1085-86. Her creditor, AmeriCredit, objected to Penrod's proposed plan. It argued that its claim should be treated as fully secured based on the "hanging paragraph" of the Bankruptcy Code that appears after 11 U.S.C. § 1325(a)(9) but is not designated as a separate subsection. *Id*. at 1086. Penrod and AmeriCredit then litigated the applicability of the "hanging paragraph." Penrod ultimately prevailed when the Bankruptcy Court found that the "hanging paragraph" did not apply to this claim. *Id*. at 1087.

Penrod then applied for an award of attorney's fees pursuant to Cal. Civ. Code §1717. *Id*. The Bankruptcy Court denied her request on the ground that her action was not "on the contract" because her success in the "hanging paragraph" litigation turned on a question of federal bankruptcy law. *Id*. The Ninth Circuit reversed:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-07830 JAK | Date | February 15, 2019 |
| Title | Menco Pacific, Inc., v. International Fidelity Insurance Company<br>(U.S. Bankruptcy Case: In re Menco Pacific, Inc., 1:16-bk-12791-MT) | | |

> Under California law, an action is "on a contract" when a party seeks to enforce, or avoid enforcement of, the provisions of the contract. AmeriCredit sought to enforce the provisions of its contract with Penrod when it objected to confirmation of her proposed Chapter 13 plan. The plan treated AmeriCredit's claim as only partially secured, but AmeriCredit insisted that it was entitled to have its claim treated as fully secured. The only possible source of that asserted right was the contract—in particular, the provision in which Penrod granted a security interest in her Taurus to secure "payment of all you owe on this contract." (Had the contract not granted AmeriCredit a security interest in the car, AmeriCredit could not have asserted a secured claim for *any* amount.) The security interest conveyed by the contract covered not just the funds Penrod borrowed to pay for the Taurus, but also the funds she borrowed to refinance the negative equity in the Explorer. The sole issue in the hanging-paragraph litigation was whether this provision of the contract should be enforced according to its terms, or whether its enforceability was limited by bankruptcy law to exclude the negative-equity portion of the loan. By prevailing in that litigation, Penrod obtained a ruling that precluded AmeriCredit from fully enforcing the terms of the contract.

*Id*. at 1088 (emphasis in original, internal citations omitted).

*Bos v. Board of Trustees*, 818 F.3d 486 (9th Cir. 2016), confirmed that the decision in *Penrod* was based on the nature of the proceedings in which the fees were incurred:

> [T]he action underlying Penrod's motion for fees had asked whether a provision of the contract should be enforced according to its terms, or whether its enforceability was limited by bankruptcy law to exclude a particular portion of the loan. By prevailing in that litigation, Penrod obtained a ruling that precluded her creditor from fully enforcing the terms of the contract. Penrod's action, in other words, required the bankruptcy court to determine the enforceability of the agreement, and so it was comfortably an action "on a contract" within section 1717's previously recognized reach. In Bos's case, by contrast, the relevant action did not raise any question about the enforceability of the Trust Agreements or the Note. Such action was therefore not "on a contract," and the attorney's fees Bos incurred are not recoverable under section 1717.

*Id*. at 490–91 (internal quotations and citations omitted).

*Bos* also cited *Johnson*, noting that "we have held that an adversary proceeding in bankruptcy court was not 'on a contract' within the meaning of section 1717 where the action neither litigated the validity of the contract nor required the bankruptcy court to consider 'the state law governing contractual relationships.'" *Id.* at 490 (citing *In re Johnson,* 756 F.2d at 740).

These decisions establish both that the principles of *Johnson* have force following *Travelers*, and that the issue presented to the Bankruptcy Court in this action*, i.e.,* whether to grant the MRAS, did not require a determination as to the enforceability of the Indemnity Agreement. Therefore, there was no error by the Bankruptcy Court in determining that the MRAS was not an "action on a contract" within the meaning of § 1717.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-07830 JAK | Date | February 15, 2019 |
|---|---|---|---|
| Title | Menco Pacific, Inc., v. International Fidelity Insurance Company (U.S. Bankruptcy Case: In re Menco Pacific, Inc., 1:16-bk-12791-MT) | | |

## IV. Conclusion

For the reasons stated in this Order, the order of the Bankruptcy Court denying the Debtor's request for an award of attorney's fees is **AFFIRMED**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |